UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ANTOINE EDWARDS (#748056)                CIVIL ACTION NO.

VERSUS                                   22-290-SDD-EWD

LUKE RHEAMS, ET AL.

### ORDER

Before the Court is the Complaint of Plaintiff Antoine Edwards ("Edwards"), who is representing himself and who is confined at the Louisiana State Penitentiary ("LSP") in Angola, Louisiana.[1] Edwards brought this suit on April 16, 2022[2] under 42 U.S.C. § 1983 against Defendants Luke Rheams, Warden Nettles, Captain Reed, Captain Calvert, Major Jack, Major Sterling, Major Lamana, Major Lewis, Colonel Simon, "names on write ups," and Tim Hooper[3] (collectively "Defendants"). Edwards seeks declaratory, injunctive, and monetary relief.[4]

The Prison Litigation Reform Act ("PLRA") governs this Complaint. Under the PLRA, a prisoner may not sue without prepayment of the filing fee, which is meant to deter frivolous filings. The PLRA also subjects Edwards to the "three-strikes" rule, which generally prohibits prisoners from proceeding in federal court as a pauper (without prepaying the filing fee) if, while incarcerated, a federal court has dismissed three or more of his lawsuits as frivolous, malicious, or for failure to state a claim. There is an exception to the "three-strikes rule" if the prisoner is in imminent danger of serious physical injury.[5]

---

[1] R. Doc. 1.
[2] Pursuant to the prison mailbox rule, which generally applies to court filings by Louisiana pro se inmates, an inmate's pleadings are considered filed on the date presented to prison officials or placed into the prison mailing system for transmission to the court, not on the date that they are ultimately received or docketed by the court. *See Cooper v. Brookshire*, 70 F.3d 377, 379-80 (5th Cir. 1995); *Vicks v. Griffin*, 07-5471, 2008 WL 553186, at *3 (E.D. La. Feb. 28, 2008).
[3] R. Doc. 1, p. 4.
[4] R. Doc. 1, p. 7.
[5] 28 U.S.C. § 1915.

In his Complaint, Edwards raises multiple claims against several Defendants. Rule 18 of the Federal Rules of Civil Procedure is a broad joinder rule that allows parties to "join as many claims as it has against an opposing party." The official commentary of Rule 18 states, "it is emphasized that amended Rule 18(a) deals only with pleading," and "a claim properly joined as a matter of pleading need not be proceeded with together with the other claims if fairness or convenience justifies separate treatment."[6] Rule 20 permits joinder of defendants if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and "any question of law or fact common to all defendants will arise in the action." Further, under Rules 18(a) and 20, if the claims arise out of the different transactions and do not involve all defendants, joinder should not be allowed.[7] In other words, in a multiparty case, if claim one is against five defendants and claim two is against only one of those defendants, joinder should not be allowed, unless all claims arose out of the same transaction and present common questions; if the claims arise from different transactions and do not involve all defendants, joinder should not be allowed.[8]

Severing unrelated claims, even if some claims involve related defendants, is often warranted because allowing several unrelated claims to proceed in one action would thwart the purposes of the PLRA.[9] Indeed, the Fifth Circuit has discouraged "creative joinder of actions" by prisoners attempting to circumvent the PLRA's three-strikes provision.[10]

---

[6] Fed. R. Civ. P. 18: Notes of Advisory Committee of Rule—1966 Amendment.
[7] *Shafer v. Davis*, No. 2:20-CV-167, 2020 WL 6489094, at *5 (S.D. Tex. Nov. 4, 2020), citing 6A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1583 (2d ed. 1990).
[8] 6A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1583 (2d ed. 1990).
[9] *See Spurlock v. Jones*, No. 16-01031, 2016 WL 7443644, at *1 (W.D. La. Dec. 22, 2016), *judgment entered*, 2016 WL 7447843 (W.D. La. Dec. 22, 2016), and *aff'd*, 709 Fed.Appx. 293 (5th Cir. 2018) (ensuring that unrelated claims against different defendants are brought in separate actions safeguards the required fees in the PLRA and ensures that inmates are given the appropriate strikes under 28 U.S.C. § 1915(g)).
[10] *Patton v. Jefferson Correctional Center*, 136 F.3d 458, 464 (5th Cir. 1998) ("We doubt that Congress intended that § 1915(g) could be so facilely circumvented by the creative joinder of actions.").

Here, Edwards should not be allowed to raise several claims in this one case concerning everything that happened to him in prison over the span of the two years covered in the Complaint. "In light of the PLRA provisions…, to continue the practice of allowing joinder of claims which are not in compliance with Rule 18 and Rule 20 would be to defeat, or at least greatly dilute, the clear intent of the fee payment and three strikes provisions of the statute."[11]

Accordingly, by no later than **November 28, 2022**, Edwards must file an amended complaint that contains only properly joined claims.[12]  In other words, Edwards must choose **one** claim from the list, below, to proceed with this case.  To the extent he wishes to bring any other claims listed below, those must be brought in separate actions.

1. Claims arising from the incident on July 25, 2020, where Captain Bradford allegedly falsified a document causing him to be sentenced to five days of lockdown, but Edwards stayed for 28 days and was then placed on extended lockdown for 90 days.[13]

2. Claims arising from the incident on December 8, 2020 where Warden Nettles allegedly twisted Edwards' arm causing severe pain, he was denied medical attention, and he was then transferred to another camp, allegedly in retaliation.

3. Claims arising from the incident in January 2021 during which Captain Reed had Davis write Edwards up in retaliation for Edwards filing an ARP against Reed because she "look[ed] [Edwards] up and down" while he was nude.

4. Claims arising from the incident during which Reed allegedly had Captain Turner write Edwards up "due to them" violating Edwards' religious rights.  This arose from an event involving Jack, Sterling, Lewis, an unidentified EMT and potentially another individual

---

[11] *Rosin v. Thaler*, No. 10-4436, 2012 WL 12991036, at *1 (S.D. Tex. Jan. 7, 2012) (internal quotation marks and citations omitted).
[12] *See id.* at *2.
[13] R. Doc. 1, p. 4.

who allegedly held Edwards down and cut off his beard in violation of his First Amendment Rights and by order of Reed.

5. Claims arising from the incident occurring on March 29, 2021 involving Reed (the facts surrounding this claim are not clear from the current Complaint).

6. Claims arising from alleged retaliation by Luke Rheams against Edwards because Edwards asked for his property. The retaliation appears to involve making Edwards strip naked to embarrass him and ordering Major Lamana to use mace against Edwards.

7. Claims arising from a 20-day sentence, presumably in lockdown, for a Rule 3.5 violation, and during that time Edwards could not have his basic needs met. He also appears to allege during this time he was not allowed his prayer rug.

8. Claims arising from exposure to the coronavirus and which Edwards says caused him to fear for his life "at the hands of administration." Other claims apparently directed against administration with no other clear defendant include that Edwards was "set up to fight" inmates and was "set up to get rape [sic]." He generally claims "they" fail to protect. Other general claims include that he has been "treated as a slave" because he works for four cents.

9. Claims regarding general conditions of confinement including pollution, unsanitary practices, and problems with medical needs. In relation thereto, Edwards alleges that Jack staed "they gone kill us by genocide."

10. Claims related to an April 16, 2021 incident where Dr. Gamble allegedly refused to help Edwards.

11. Claims related to an August 22, 2021 incident where Edwards alleges that Guillot maced him, and another officer twisted Edwards' wrist so "hard it swoled up."

12. Claims related to incidents on September 30, 2021 and October 8, 2021 in which Edwards alleges that Captain Calvert maced him. Edwards also claims Calvert strip searched Edwards to try to "spray" his buttocks. Calvert escorted Edwards down the stairs while he was blinded. Edwards slipped down the stairs, and Calvert maced him again.

13. Claims that Edwards has been "denied the proper treatment" for various physical and mental disorders.

14. Claims that Edwards is innocent and has been wrongfully sent to Angola.

Should Edwards not timely amend his Complaint selecting one of the above claims to proceed in this lawsuit, the Court will, as a matter of course, analyze the first mentioned claim above. With respect to whichever claim Edwards chooses to proceed with in this suit, he should be sure to provide specific facts relative to the claim he chooses and to explain what defendant is responsible for each alleged inaction or action that gives rise to the claim.[14] Accordingly,

**IT IS ORDERED** that, by no later than **November 28, 2022**, Plaintiff Antoine Edwards must file an amended complaint on the standardized § 1983 lawsuit form (same form used previously), stating specific facts to support the claim of his choosing from the list above. In any amended complaint, Edwards must provide the details of his claims, generally including the who, what, where, and why regarding the incident. Edwards is placed on notice that this lawsuit may be dismissed if he files a § 1983 lawsuit stating only bare assertions without providing specific supporting facts or if he again attempts to join several unrelated claims.

Edwards is placed on notice than an amended complaint takes the place of all previous complaints.[15] Because the amended complaint will be the operative complaint for this lawsuit, it

---

[14] *Jacquez v. Procunier*, 801 F.2d 789, 793 (5th Cir. 1986) (in order to successfully plead a cause of action in a civil rights case, a plaintiff must ordinarily state a set of facts that illustrates each defendant's participation in the alleged wrong).
[15] *Clark v. Tarrant County, Texas*, 798 F.2d 736, 740 (5th Cir. 1986).

must include all defendants, claims, and facts relative to the claim he chooses to proceed with in this action. Edwards is instructed to place the case number "3:22cv290" on the amended complaint and on all documents that he files in this lawsuit.

**Edwards is also placed on notice that the lawsuit may be dismissed if he fails to timely comply with this Order.**

Signed in Baton Rouge, Louisiana, on October 27, 2022.

*[signature]*

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**