## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

ANTOINE EDWARDS (#748056)                              CIVIL ACTION NO.

VERSUS                                                 22-290-SDD-EWD

LUKE RHEEMS, ET AL.

### NOTICE

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

    In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Signed in Baton Rouge, Louisiana, on December 29, 2022.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ANTOINE EDWARDS (#748056)　　　　　　　　　　CIVIL ACTION NO.

VERSUS　　　　　　　　　　　　　　　　　　　　22-290-SDD-EWD

LUKE RHEEMS, ET AL.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the amended complaint of Plaintiff Antoine Edwards ("Edwards") who is representing himself and who is confined at the Louisiana State Penitentiary in Angola, Louisiana.[1] It is recommended that Edwards' claim regarding Captain Bradford's alleged falsification of a document causing [Edwards] to be sentenced to five days in lockdown be dismissed with prejudice as legally frivolous and for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e) and 1915A; that the federal claims improperly cumulated in this action be dismissed without prejudice, and that the Court decline to exercise supplemental jurisdiction over any state law claims.

### I.   BACKGROUND

Edwards filed suit on or about May 3, 2022 against numerous Defendants alleging a host of unrelated claims pursuant to 42 U.S.C. § 1983.[2] On initial screening of the Complaint pursuant to 28 U.S.C. § 1915A, because the Court determined that several of the claims were improperly cumulated in this case under Fed. Civ. Proc. Rules 18(a) and 20, Edwards was ordered to file an amended complaint containing only properly joined claims.[3] The Court provided Edwards with a

---

[1] R. Doc. 25.
[2] R. Doc. 1.  The Complaint is dated April 16, 2022 (R. Doc. 1, p. 8), but was not filed with this Court until May 3, 2022.
[3] R. Doc. 23, n.9, citing *Spurlock v. Jones*, No. 16-01031, 2018 WL 7443644, at *1 (W.D. La. Dec. 22, 2016), aff'd, 709 Fed.Appx. 293 (5th Cir. 2018), citing *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (ensuring that unrelated claims against different defendants are brought in separate actions safeguards the required fees in the Prison Litigation Reform Act [PLRA] and ensures that inmates are given the appropriate strikes under 28 U.S.C. § 1915(g)).

list of claims and noted that to proceed he needed to select **one** claim.[4] The Court also warned Edwards that should he fail to comply, the Court would analyze only the first claim listed in the Order.[5] Edwards' amended complaint does not follow the Court's instructions.[6] Instead of selecting one claim with which to proceed, Edwards has again combined a host of unrelated claims against multiple defendants in one amended complaint.[7] Accordingly, and as Edwards was warned, only the following claim will be analyzed: "Claims arising from the incident on July 25, 2020, where Captain Bradford allegedly falsified a document causing [Edwards] to be sentenced to five days of lockdown, but Edwards stayed for 28 days and was then placed on extended lockdown for 90 days."[8]

## II. LAW & ANALYSIS

### A. Standard of Review

Pursuant to 28 U.S.C. §§ 1915(e) and 1915A, this Court is authorized to dismiss a claim by a prisoner against a governmental entity or an officer or employee of a governmental entity, or by any other plaintiff who has been granted IFP status, if the claim is frivolous, malicious, or fails to state a claim upon which relief may be granted.[9] The statutes impose similar standards for

---

[4] R. Doc. 23, p. 3.
[5] R. Doc. 23, p. 5.
[6] R. Doc. 25.
[7] R. Doc. 25. Edwards complains that the Court is discriminating because it directed him to "pick a few claim [sic]," but this is inaccurate. R. Doc. 25, p. 9. Edwards may still proceed with his other claims; however, as explained in the October 27, 2022 Order, he must file a separate suit with respect to each claim that was not properly combined. R. Doc. 23.
[8] R. Doc. 23, p. 3. This claim will be further limited to only the allegations against Bradford for the allegedly false disciplinary report. In his amended complaint, Edwards says that, after the original five-day sentence for the allegedly false report, the "Administration" refused to release him and that he was in lockdown for at least 120 days. R. Doc. 25, p. 6. The allegations related to extended lockdown are also improperly cumulated as they are against a defendant or defendants other than Bradford for separate acts or omissions. Accordingly, those allegations will not be evaluated in this Report and Recommendation. Should Edwards wish to pursue claims related to his extended lockdown from July to December 2020 following the original five-day sentence, he must file a separate lawsuit.
[9] §1915(e) provides for dismissal of claims that are frivolous, malicious, or fail to state a claim where the plaintiff was granted leave to proceed *in forma pauperis* ("IFP"). §1915A provides for dismissal of claims by prisoners against a governmental entity or employee of a governmental entity for the same reasons regardless of the pauper status of the plaintiff. Edwards was granted IFP status on May 20, 2022, so both statutes apply. R. Doc. 7.

dismissal and are intended to give the court the ability to separate those claims that may have merit from those that lack a basis in law or in fact. Dismissal may be made before service of process or before any defendant has answered if the court determines that the claim or action does not pass the screening process.

To determine whether a complaint fails to state a claim under §§ 1915(e) and 1915A, courts apply the same standard used for dismissal under Fed. R. Civ. Proc. 12(b)(6).[10] Accordingly, the court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff.[11] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[12] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[13] For a complaint to survive dismissal, it "must contain enough factual allegations to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiffs' claim."[14]

While the screening process does give the court the rare power to 'pierce the veil' of the factual allegations,[15] pleaded facts that are merely improbable or strange are not frivolous for purposes of screening.[16] A claim is factually frivolous only if the alleged facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'"[17] A claim

---

[10] *Bazrowx v. Scott,* 136 F.3d 1053, 1054 (5th Cir. 1998) (recognizing that the standards for determining whether a complaint fails to state a claim for relief are the same under 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A, and Fed. R. Civ. P. 12(b)(6).
[11] *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).
[12] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).
[13] *Id.*
[14] *AGEM Management Services, LLC v. First Tennessee Bank Nat. Ass'n*, 942 F.Supp.2d 611, 617 (E.D. La. April 25, 2013), citing *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 255-57 (5th Cir. 2009).
[15] *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).
[16] *Id.*, at 33; *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992).
[17] *Denton*, 504 U.S. at 33, citing *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

3

is also subject to dismissal if it has no legal basis, "such as if the complaint alleges the violation of a legal interest which clearly does not exist."[18]

### B. Edwards Cannot State a Claim Regarding a Falsified Disciplinary Report

In his amended complaint, Edwards makes the following claim:

1) Incident while being housed at 17544 Tunica Trace at Walnut 1 Dorm. Captain Bradford allegedly <u>falsified a document</u> that cause [sic] Mr. Edward to be sentence [sic] to punishment of 5 days of lockdown.[19]

The Fifth Circuit held that "a prisoner must show favorable termination prior to bringing a § 1983 claim based simply on the filing of a false disciplinary charge, absent an allegation of retaliatory interference with the exercise of a constitutional right." Because Edwards has not shown the disciplinary case initiated by Bradford's allegedly false report terminated in Edwards' favor and has not specifically alleged facts to support that Bradford filed the allegedly false document in retaliation, notwithstanding the opportunity to amend, he cannot seek relief under § 1983 based solely on the filing of an alleged false disciplinary case.[20] Additionally, the law is clear that "there is no due process violation if a prisoner, who is falsely accused of charges, is given an adequate state procedural remedy to challenge the accusations."[21] Edwards does not allege that the available state procedural remedy for him to challenge Captain Bradford's disciplinary charge was inadequate. To the extent Edwards complains about the procedures available, there is no constitutionally protected liberty interest in prison disciplinary proceedings unless the resulting punishment has subjected an inmate to an unusual and significant deprivation (evaluated in the

---

[18] *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998).
[19] R. Doc. 25, p. 6 (emphasis in original). In his original complaint, Edwards says this incident occurred on July 28, 2020. R. Doc. 1, p. 4. Edwards' complaints regarding the fact that the "Administration" refused to release him after the five days in lockdown, and events occurring while in extended lockdown, such as the alleged use of excessive force and retaliation by another officer (not Bradford), are not properly cumulated with the claim against Bradford regarding the false disciplinary report, and are therefore, not discussed. *See also*, n. 8, *supra*.
[20] *Sanchez v. Grounds*, No. 13-2, 2014 WL 1049164, at *2 (E.D. Tex. Mar. 14, 2014).
[21] *Grant v. Thomas*, 37 F.3d 632 (5th Cir. 1994).

4

context of prison life).²² Edwards' assignment to lockdown for five days does not amount to an unusual and significant deprivation giving rise to a liberty interest protected by the due process clause when considering the duration and degree of restriction.²³ Because Edwards cannot establish a federally protected liberty interest in connection with Bradford's disciplinary report that resulted in five days in lockdown, Edwards has failed to state a federal claim upon which relief may be granted, and his due process claim arising from this incident is subject to dismissal with prejudice.²⁴

### C. Exercise of Supplemental Jurisdiction Should be Declined

Finally, to the extent that Edwards's allegations may be interpreted as a request for this Court to exercise supplemental jurisdiction over potential state law claims, a district court may decline the exercise of supplemental jurisdiction if a plaintiff's state law claims raise novel or complex issues of state law, if the claims substantially predominate over the claims over which the district court has original jurisdiction, if the district court has dismissed all claims over which it had original jurisdiction, or for other compelling reasons.²⁵ Having recommended dismissal of Edwards' federal claims, it is appropriate to decline to exercise supplemental jurisdiction over any potential state law claims.

---

²² *Sandin v. Conner*, 515 U.S. 472, 486 (1995).
²³ *Id. See also Harris v. Smith*, 482 Fed.Appx. 929, 930 (5th Cir. 2012) (citation omitted) ("A claim that a prisoner was 'improperly charged with things he did not do,' standing alone, does not state a due process claim. Additionally, a failure to show a punishment that imposed an atypical or significant hardship beyond the ordinary incidents of prison life forecloses a due process claim because there is no cognizable liberty interest); *Triplett v. LeBlanc*, No. 13-243, 2015 WL 893057, at *5 (M.D. La. March 2, 2015); *Fisher v. Wilson*, 74 Fed.Appx. 301, 302 (5th Cir. 2003) (When a plaintiff fails to allege that placement in administrative segregation presented an atypical or significant hardship beyond the ordinary incidents of prison life, giving rise to a constitutionally protected liberty interest that would trigger due-process guarantees, he has failed to state a claim for violation of due process) and *Mendez v. Johnson*, No. 14-2507, 2014 WL 4782726, at *3 (S.D. Tex. Sep. 23, 2014) (same, citing *Sandin*, 515 U.S. 472).
²⁴ To the extent Edwards complains that the prison disciplinary proceedings violated the Double Jeopardy Clause, the Fifth Circuit has been clear that "the constitutional proscription against double jeopardy does not apply to…disciplinary proceeding[s]." *Sanchez v. Allen*, 611 Fed.Appx. 792, 796 (5th Cir. 2015), citing *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974).
²⁵ 28 U.S.C. § 1367.

5

## RECOMMENDATION

**IT IS RECOMMENDED** that the Court decline to exercise supplemental jurisdiction over potential state law claims and that Edwards' federal claim related to Captain Bradford's alleged falsification of a document causing Edwards to be sentenced to lockdown for five days be **DISMISSED WITH PREJUDICE** as legally frivolous and for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e) and 1915A.

**IT IS FURTHER RECOMMENDED** that any other federal claims Edwards has brought in this matter be **DISMISSED WITHOUT PREJUDICE** as improperly cumulated and that this case be **CLOSED**.[26]

## ORDER

Considering the foregoing recommendation, **IT IS ORDERED** that all pending Motions[27] are **DENIED**. Edwards may reurge any pending motions if this Report and Recommendation, which would result in dismissal of all claims, is not adopted in full.

Signed in Baton Rouge, Louisiana, on December 29, 2022.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[26] Edwards is advised that 28 U.S.C. § 1915(g) provides that, "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [Proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." Should this Recommendation be adopted, the dismissal will count as a strike.

[27] R. Docs. 3, 11, 13, & 26. In R. Doc. 26, Edwards requests to supplement his complaint, or, alternatively for the Court to file his supplemental complaint under a new docket number. However, given that the supplemental complaint is an additional attempt to bring improperly cumulated claims, and the number of other claims that should be filed separately from the one evaluated in this Report and Recommendation, Edwards' request to supplement his complaint is denied. Should he seek to pursue the claims set out in his proposed supplemental complaint, Edwards may file separate suits for any such claims, as has been instructed regarding the other claims that are not properly cumulated in this action.