UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**ANTOINE EDWARDS (#748056)**  　　　　　　　**CIVIL ACTION NO.**

**VERSUS**  　　　　　　　　　　　　　　　　　　**22-290-SDD-EWD**

**LUKE RHEEMS, ET AL.**

### ORDER

　　Before the Court are two Motions filed by Plaintiff Antoine Edwards ("Plaintiff"), who is representing himself and is confined at the Louisiana State Penitentiary in Angola, Louisiana.[1] However, Plaintiff has filed a Notice of Appeal.[2]

　　"[T]he filing of a valid notice of appeal from a final order of the district court divests that court of jurisdiction to act on the matters involved in the appeal, except to aid the appeal, correct clerical errors, or enforce its judgment."[3] The first Motion before the Court requests appointment of counsel, apparently to assist Plaintiff in his appeal.[4] The Court has jurisdiction to consider this Motion.[5]

　　There is no automatic right to the appointment of counsel in an action filed by a litigant proceeding *in forma pauperis*.[6] When a case presents exceptional circumstances, however, counsel may be appointed.[7] A number of factors should be considered when determining whether to appoint counsel, the first being the type and complexity of the

---

[1] R. Docs. 39 & 41.
[2] R. Doc. 42.
[3] *McCoy v. Stephens*, 561 Fed.Appx. 432, 432 (5th Cir. 2014) (quoting *Ross v. Marshall*, 426 F.3d 745, 751 (5th Cir. 2005).
[4] R. Doc. 39.
[5] *Gibson v. Houston Launch Pad*, No. 08-1377, 2009 WL 10704757, at *1 (S.D. Tex. Nov. 17, 2009) (the issue of whether to appoint counsel on appeal is an action in aid of the appeal, so the district court retains jurisdiction to consider the motion).
[6] *Hulsey v. State of Tex.*, 929 F.2d 168, 172 (5th Cir. 1991); *Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982).
[7] *Ulmer*, 691 F.2d at 212.

case.[8] The Ruling on appeal is not complex and involves only the dismissal with prejudice of Plaintiff's federal claim related to an alleged false document that caused Plaintiff to be sentenced to lockdown for five days.[9]

The second and third factors are whether the plaintiff is in a position to adequately investigate and present his case.[10] Plaintiff's pleadings demonstrate he is able to describe the facts giving rise to his claim. It appears he understands his case, and considering the posture of this case, it does not appear that any investigation is presently required.

The fourth factor which should be examined is whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross-examination. Examination of this factor is unnecessary because the case was resolved without a trial.

Finally, there is no indication that appointed counsel would aid in the efficient and equitable disposition of this frivolous case. Accordingly, Plaintiff's Motion for Appointment of Counsel will be denied. To the extent that Plaintiff would like to further seek appointment of counsel on appeal, Plaintiff should file a motion seeking appointment of counsel with the United States Court of Appeals for the Fifth Circuit in New Orleans.[11]

The second Motion filed by Plaintiff, though largely incoherent, complains of the alleged biases of the undersigned, as well as Magistrate Judge Wilder-Doomes.[12] The Court interprets this Motion as seeking recusal of the judges assigned to this case at this

---

[8] *Id*. at 213.
[9] R. Docs. 28 & 33.
[10] *Ulmer*, 691 F.2d at 212.
[11] At this juncture, motions should generally be filed with the appellate court, not the district court.
[12] R. Doc. 41.

Court.  Because this action is on appeal, the Court lacks jurisdiction to rule on the recusal motion, so it will be denied.[13]  Accordingly,

**IT IS ORDERED** that the Motions seeking appointment of counsel and recusal of Chief Judge Dick and Magistrate Judge Wilder-Doomes filed by Plaintiff Antoine Edwards are **DENIED**.[14]

Signed in Baton Rouge, Louisiana, on March 8, 2023.

**CHIEF JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[13] *McCoy*, 561 Fed.Appx. at 432 (district court lacked jurisdiction to consider recusal motion after notice of appeal was filed).
[14] R. Docs. 39 & 41.